**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1294-18T1

D.A.W.,

    Plaintiff-Respondent,

v.

W.G.W.,

    Defendant-Appellant.

_____

Submitted November 4, 2019 – Decided November 19, 2019

Before Judges Geiger and Natali.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Passaic County, Docket No. FM-16-1410-15.

Trautmann and Associates, LLC, attorneys for appellant (Gregg D. Trautmann, on the brief).

Edward W. Martin, attorney for respondent.

PER CURIAM

    Defendant W.G.W. appeals from two post-judgment Family Part orders in this matrimonial action requiring him to remove personal property, including six

automobiles, from the former marital residence and, after he failed to comply, permitting plaintiff D.A.W. to dispose of the property.[1]  We affirm.

I.

We derive the following facts from the record.  The parties were married in May 1982 and separated in June 2015, with plaintiff continuing to reside in the former marital residence.  The parties were divorced on September 14, 2017.  The dual final judgment of divorce (FJOD) incorporated the terms of a property settlement agreement (PSA).

Paragraph fifteen of the PSA provided that defendant would retain exclusive ownership and possession of six vehicles and a car trailer and remove those items from the former marital residence within thirty days of the execution of the agreement.  Paragraph twenty-three of the PSA provided defendant would retain the personal property listed on Exhibit B attached to the PSA.  It required him "to use his best effort to remove his personal property" from the former marital home within thirty days of the execution of the PSA.  Defendant's personal property included tools, a small shed, clothes, a bedroom set, refrigerator, fish tank, electronic devices, and a mirror and kitchen that belonged to his mother.  In a handwritten addendum to paragraph fourteen of the PSA,

---

[1]  We identify the parties by initials pursuant to Rule 1:38-3(d)(10).

A-1294-18T1

defendant "reserve[d] his right to inventory the personal property in and around the marital residence to the end that an equitable division of the property is obtained."

The FJOD also amended a final restraining order "to allow defendant access to [the] property, while accompanied by both attorneys, to inventory his personal belongings" and to "allow defendant access to the property to retrieve said belongings."

Defendant failed to comply with the requirements to inventory and remove his personal belongings from the former marital residence. Plaintiff moved to enforce litigant's rights and for an award of counsel fees and costs. On December 21, 2017, the trial court ordered defendant to perform the inventory of the personal property located at the former marital residence within ten days and to remove all of his personal property from the former marital residence within twenty days. The court also awarded plaintiff counsel fees of $900.

Defendant did not comply with the order. Plaintiff again moved to enforce litigant's rights and for an award of counsel fees. Defendant cross-moved for reconsideration of the prior order. On March 22, 2018, the trial court ordered that plaintiff was "permitted to immediately dispose of any and all of the [d]efendant's personal property located at the marital residence/property."

Defendant was also ordered to pay for the costs of removing the personal property within five days of receiving any bills or invoices for removal expenses. Plaintiff's application for an award of counsel fees was denied without prejudice because no certification of services was submitted.

Defendant's cross-motion for reconsideration was denied because he relied on an uncertified letter from his physician dated January 18, 2018, that stated defendant "should be off his feet as much as po[ss]ible. He should not be walking long distances or lifting heavy objects. He should also limit the number of times a day he travels up and down stairs." The trial court noted that contrary to defendant's certification, the physician's letter did not state "that he was limited to only getting up to shower or use the restroom. As such, no evidence was presented that [d]efendant could not inventory the marital home at the time the [m]otion was filed."[2]

---

[2] The physician's letter also stated defendant is an insulin dependent diabetic, hypertensive, suffered a spider bite that ulcerated, has lumbar spinal hardware, and a total knee replacement. The ulcerated wound "will require at least two surgical procedures." Hospital admission "in the next day or two" was contemplated. A second uncertified physician's letter dated February 16, 2018, stated defendant underwent a skin graft procedure on February 12, 2018, and was "recovering well." The letter further stated defendant "will need to stay off his feet as much as possible in the next [three to four] weeks. He is only allowed to stand, sit or walk for short periods. He should keep his leg elevated whenever possible." If defendant continued to heal and follow instructions, "[h]e should be able to return to normal activities in [three to four] weeks."

Plaintiff moved to enforce litigant's rights and for an award of counsel fees a third time. On October 31, 2018, the trial court found "there has been no reasonable explanation" why defendant failed to comply with the December 2017 and March 2018 orders. The court found an award of counsel fees appropriate, concluding defendant did not advocate his position in good faith as he had not offered any reasonable explanation why he could not make arrangements to have others perform the inventory and removal of property. The court found defendant had the ability to comply but failed to do so.

The court ordered defendant to turn over the titles to the six vehicles still located at the former marital residence by November 5, 2018. The court reviewed the certification of services submitted by counsel and awarded plaintiff counsel fees of $925 for the prior motion and $800 for the present motion. In response to defendant's claim he was unable to pay counsel fees due to disability, the court found defendant had the ability to satisfy the fee award from the proceeds of the sale of the residence.[3]

---

[3] The record on appeal does not include any competent evidence that defendant is totally disabled. The medical proofs are limited to the two uncertified letters from defendant's physician. Neither letter opines defendant is totally disabled, much less permanently disabled.

A-1294-18T1

In the event defendant violated the terms of the order, plaintiff was permitted to apply ex parte to obtain judgment for the outstanding counsel fees, a court order "permitting [p]laintiff to be appointed Attorney in Fact for [d]efendant for purposes of obtaining duplicate titles to the vehicles," and direct the New Jersey Motor Vehicle Commission to issue duplicate titles in plaintiff's name, and to permit disposal of the vehicles pursuant to the prior court order.

Defendant did not comply with the post-judgment orders. He did not pay the counsel fees awarded to plaintiff and did not turn over the vehicle titles to her. Defendant appeals from the March 2018 and October 2018 orders.[4]

On February 7, 2019, the trial court appointed plaintiff as attorney-in-fact to allow her to obtain duplicate titles to the six vehicles left at the former marital residence. The court also entered judgment in favor of plaintiff for the outstanding counsel fees of $2625.

On appeal, defendant argues the trial court abused its discretion by ordering the forfeiture of his personal property as a sanction for not timely removing those items from the former marital residence. He claims he suffers from serious medical conditions that required two hospitalizations, two surgical procedures, intravenous antibiotics, and daily wound care. He contends his

---

[4] We denied defendant's motion to stay the trial court's orders.

ability to walk, lift heavy objects, and travel up and down stairs was limited, thus preventing him from inventorying or removing the property.

## II.

Our review of Family Part orders is generally limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). We "accord particular deference to the Family Part because of its 'special jurisdiction and expertise' in family matters." Harte v. Hand, 433 N.J. Super. 457, 461 (App. Div. 2013) (quoting Cesare, 154 N.J. at 413). Generally, "findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence." Cesare, 154 N.J. at 411-12 (citing Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974)). We will not disturb the factual findings and legal conclusions unless convinced they are "so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Ricci v. Ricci, 448 N.J. Super. 546, 564 (App. Div. 2017) (quoting Elrom v. Elrom, 439 N.J. Super. 424, 433 (App. Div. 2015)). Challenges to legal conclusions, as well as a trial court's interpretation of the law, are subject to de novo review. Id. at 565.

A court may, in its discretion, order a party to pay the successful moving party's attorney's fees in family actions, including motions to enforce litigant's

rights pursuant to <u>Rule</u> 1:10-3. N.J.S.A. 2A:34-23; <u>R.</u> 4:42-9(a)(1); <u>R.</u> 5:3-5(c). Fee awards should be disturbed "only on the rarest occasions, and then only because of a clear abuse of discretion." <u>Rendine v. Pantzer</u>, 141 N.J. 292, 317 (1995).

Guided by these principles, we discern no abuse of discretion by the trial court. Its findings and conclusions are fully supported by the record. Defendant repeatedly failed to comply with the trial court's post-judgment orders. He failed to perform an inventory of the personal property, remove his personal property from the former marital residence, and pay court-ordered counsel fee awards.

While defendant may have suffered from several medical conditions, underwent medical treatment and surgical procedures, and been physically limited by those conditions and treatments, the record supports the trial courts findings and conclusions that defendant did not demonstrate he was unable to comply with the terms of the PSA and subsequent court orders during the time period that has passed since the PSA was executed. Moreover, defendant could have sought the services of others to assist him in performing the inventory and removal of the personal property, including the vehicles and trailer.

The record also supports the award of counsel fees to plaintiff in enforcing the PSA and subsequent court orders. Plaintiff would not have incurred those

legal expenses if defendant had undertaken the responsibilities imposed by the PSA and subsequent court orders. We discern no clear abuse of discretion by the trial court.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1294-18T1